SHAWN N. ANDERSON
United States Attorney
STEPHEN F. LEON GUERRERO
Assistant United States Attorney
MARIE L. MILLER
Special Assistant United States Attorney
SAMANTHA R. MILLER
Special Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' MOTION IN LIMINE TO EXCLUDE OIG REPORT AV2017049 AND ANY ARGUMENT RELATING TO THE QUALITY OF FAA'S OVERSIGHT OF THE SUSPECTED UNAPPROVED PARTS PROGRAM** |
| JOHN D. WALKER, aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, and HANSEN HELICOPTERS, INC. | |
| Defendants. | |

COMES NOW, the United States, by and through undersigned counsel, and herein

respectfully moves this Honorable Court to exclude both the United States Department of

Transportation Office of Inspector General ("OIG") Report AV2017049, and any argument

relating to the quality of FAA's oversight of the Suspected Unapproved Parts ("SUPs") program.[1]

## ARGUMENT

The United States anticipates Defendants may use the results of a 2017 OIG report, outlining deficiencies in the SUPs program, to argue the FAA failed to properly oversee the program rendering it vulnerable to fraud and abuse. The SUPs program is designed to monitor and detect aircraft parts that may have been manufactured without FAA approval, may have inaccurate paperwork, or were produced via counterfeit manufacturing. The OIG Report lists several recommendations to increase the effectiveness of FAA's oversight of the SUPs program. The Court should deny admission of this evidence and any related arguments because it is irrelevant, constitutes "victim-blaming," and is unduly prejudicial. Its use at trial by Defendants would only be as a diversion to direct attention away from Defendants' own culpability for the allegations in the Second Superseding Indictment, or to confuse the jury as to the issues it must decide in the case according to the applicable jury instructions.

For the reasons explained below, the Report and any related argument should be excluded at trial; however, if the Court denies this motion, the Government respectfully reserves the right to argue exclusion of specific portions of the report.

### I. The OIG Report and Related Argument Should Be Excluded as Irrelevant and Victim Blaming.

Rules 401 and 402 of the Federal Rules of Evidence deem evidence admissible only if it has a tendency to make the existence of any fact of consequence to the determination of the action more or less probable. Fed. R. Evid. 401, 402. Relevancy determinations are at the

---

[1] Office of Inspector General, Report No. AV2017049, Enhancements Are Needed to FAA's Oversight of the Suspected Unapproved Parts Program (2017).

Court's discretion. *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981). The OIG Report and any argument pertaining to the quality of FAA's oversight of the SUPs program are irrelevant because they do not have the tendency to make any fact relating to Defendants' criminal activity more or less probable. The Report and quality of FAA's oversight measures have no bearing on the fact that Defendants knowingly and willfully engaged in fraud by making materially false representations concerning the aircraft parts they purchased from an entity that did not have a Product Manufacturing Authority (PMA).

Likewise, regardless of any argument there were internal controls FAA could have or should have implemented, Defendants went to great lengths to illegally portray counterfeit parts as approved by creating false invoices, and making materially false representations in entries, certifications, documents, labels, and records. The description of FAA's internal controls in the OIG Report does not make Defendants' aircraft parts fraud more or less probable.

Citing alleged vulnerabilities in FAA's oversight, Defendants may also argue that FAA did not detect or alert Defendants that purchasing, shipping, and installing unapproved parts while representing those parts as approved constituted fraud and, therefore, Defendants were ignorant to the crimes they were committing. Well-settled law provides that ignorance of the law is not a valid defense to criminality. *McFadden v. United States*, 576 U.S. 186, 192 (2015) (stating that "ignorance of the law is typically no defense to criminal prosecution"). Here, the Government will show that, among other things, Defendants falsified and concealed material facts concerning aircraft parts, represented unapproved parts as approved, and created false invoices identifying counterfeit parts as legitimate. Defendants knew the information regarding certain aircraft parts was false, even if they argue that they did not know that making those false representations was illegal. The OIG Report does nothing to change Defendants' knowledge or

United States Motion in Limine
To Exclude OIG Report No. AV2017049

3

Case 1:18-cr-00010   Document 1012   Filed 07/23/21   Page 3 of 7

mental state with respect to their continued fraudulent scheme. Instead, admitting the OIG Report and argument relating to the quality of FAA's oversight of the SUPs program would allow Defendants to "blame the victim" for their abuse.

The naivety or gullibility of a fraud victim does not decrease the culpability of the individual committing the fraud. *See United States v. Lindholm*, 24 F.3rd 1078, 1087 (9th Cir. 1994) (noting that defendant erroneously "attempted to fix blame on the victims he defrauded" when the central issue of guilt was over defendant's fraudulent intent); *Barnes-Wallace v. City of City of San Diego*, 530 F.3rd 776, 791 n.1 (9th Cir. 2008) (Berzon, J., concurring) (describing victim-blaming as the tendency to wrongly attribute fault for any injuries to the injured group itself). *See also United States v. Coffman*, 94 F.3d 330, 334 (7th Cir. 1996) (rejecting victim-blaming defense theory and noting that "picking on the vulnerable normally makes your conduct more rather than less culpable"); *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004) (stating a victim's negligence or gullibility "is not relevant to the inquiry as to whether the defendants were properly convicted"). Defendants cannot evade culpability by blaming FAA for being duped by fraud.

For these reasons, both the OIG Report and related argument should be excluded as irrelevant victim-blaming under Rules 401 and 402 of the Federal Rules of Evidence.

## II. The OIG Report and Related Argument Should Also Be Excluded As Unduly Prejudicial.

The Report and any related arguments should not be admitted because any factual findings from the Report, or argument by Defendants related to such, are unduly prejudicial. The Ninth Circuit has held that "although a broad range of factual findings are potentially admissible" in certain governmental investigatory reports, "the district court retains the discretion to exclude findings" based upon considerations such as the timeliness of the

United States Motion in Limine
To Exclude OIG Report No. AV2017049

4

investigation, whether a hearing was held, and possible bias. *See Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 778 (2010). The party opposing the introduction of the report carries the burden of persuading the court that the report should not be admitted. *See id.* (citation omitted). And, as always, the court must balance the probative value of a piece of evidence with its potential dangers, and should exclude evidence, even if relevant, where there is a risk that the evidence confuses the issues, misleads the jury, or wastes time. *See* Fed. R. Evid. 403; *United States v. Duenas*, No. CR 07-00039-001, 2014 WL 88007, at *7 (D. Guam Jan. 9, 2014).

The OIG Report is highly prejudicial because government reports carry an "aura of special reliability" for jurors, regardless of their relevance, trustworthiness, or reliability. *See City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981); *United States v. Murgio*, No. 15-CR-769(AJN), 2017 WL 365496, at *16 (S.D.N.Y. Jan. 20, 2017). In fact, "the only effect of introducing such conclusions for their truth would be to place the [OIG Report's] imprimatur" on Defendants' "preferred interpretation" of that evidence. *See Murgio*, 2017 WL 365496, at *16. Using the Report "in that manner" therefore poses "a genuine threat of usurping the jury's role." *Id.*

The OIG Report and related argument also are likely to confuse and mislead the jury. The report only concerns the effectiveness of the suspected unapproved parts program; it does not cover FAA's processes or procedures for issuing airworthiness certificates. Nonetheless, Defendants may attempt to suggest the OIG Report is indicative of issues pertaining to FAA's oversight as a whole, which may confuse or mislead the jury and may, to reiterate, give the false impression that deficiencies in the agency's oversight might excuse the Defendants' criminal conduct. *See United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985) (upholding trial court's exclusion of evidence because of "the effect it would have in confusing the issues").

United States Motion in Limine
To Exclude OIG Report No. AV2017049

The Court should, in its discretion, exclude this evidence because its admission would lead to a "mini trial" situation, where countless hours of testimony from FAA officials, government program auditors, risk mitigation specialists, and other experts would be required on the technical intricacies of FAA's oversight processes. *See Eggleston v. Hayes*, 814 F. App'x 284, 285 (9th Cir. 2020) (upholding trial court's exclusion of relevant evidence because of its potential to mislead the jury); *Ochoa-Valenzuela v. Ford Motor Co. Inc.*, 685 F. App'x 551, 555 (9th Cir. 2017) (upholding exclusion of relevant evidence "because its probative value was substantially outweighed by the waste of time that would be involved"); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (affirming trial court's discretion to exclude probative evidence that would give rise to "an inefficient allocation of trial time").

In sum, under-policing does not absolve crime. Because this evidence is "likely to protract an already prolonged trial with an inquiry into collateral issues," and may allow Defendants to attempt to evade culpability simply because FAA may have lacked the resources to detect and monitor *all* suspected unapproved parts, the Court should grant the Government's Motion in Limine and exclude the OIG Report and any related argument. *See Murgio*, 2017 WL 365496, at *16.

//
//
//
//
//
//
//

United States Motion in Limine
To Exclude OIG Report No. AV2017049

6

Case 1:18-cr-00010    Document 1012    Filed 07/23/21    Page 6 of 7

## CONCLUSION

For the above reasons, the United States respectfully requests the Court grant this motion to exclude the OIG Report and argument relating to the quality of FAA's oversight of the SUPs program.

RESPECTFULLY submitted this 23rd day of July, 2021.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and NMI

By: /s/ Stephen F. Leon Guerrero
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

/s/ Marie L. Miller
MARIE L. MILLER
Special Assistant U.S. Attorney

/s/ Samantha R. Miller
SAMANTHA R. MILLER
Special Assistant U.S. Attorney